UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

JAMES E. LOWRY, ET AL.              *       CIVIL ACTION NO.  18-0864


VERSUS                              *       JUDGE TERRY A. DOUGHTY


TOTAL PETROCHEMICALS &              *       MAG. JUDGE KAREN L. HAYES
REFINING USA, INC., ET AL.

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 9] filed by plaintiffs James E. Lowry, et al.  The motion is opposed. For reasons explained below, it is recommended that the motion to remand be DENIED, and that plaintiffs' claims brought as relators on behalf of the State of Louisiana and the Commissioner of Conservation be dismissed, without prejudice, and that plaintiffs' individual capacity claims against Bethlan Production Corporation; Capital Gas, Inc.; J.B.X. Royalties, Inc.; NEPCO, Inc.; Big Creek Operating, Inc.; and Cisco Petroleum, Inc. be dismissed, without prejudice.

Background

On February 9, 2018, James E. Lowry, Charles M. Johnson, Jimmy R. Smith, Donald W. Smith, and Leslie H. Smith (collectively, "Lowry" or "plaintiffs"), filed the instant oilfield contamination suit individually, and as relators on behalf of the State of Louisiana and the Commissioner of Conservation, in the 5th Judicial District Court for the Parish of Richland, State of Louisiana against eight defendants arising out of decades-long oil and gas exploration and production activities conducted on the plaintiffs' properties by the defendants and/or their predecessors in title.  Made defendants were:  Total Petrochemicals & Refining USA, Inc.

("Total"); ConocoPhillips Company ("ConocoPhillips"); Bethlan Production Corporation

("Bethlan"); Capital Gas, Inc. ("Capital Gas"); J.B.X. Royalties, Inc. ("J.B.X."); NEPCO, Inc.

("NEPCO"); Big Creek Operating, Inc. ("Big Creek"); and Cisco Petroleum, Inc. ("Cisco").

On June 29, 2018, defendant, ConocoPhillips, removed the suit to federal court on the

sole basis of diversity jurisdiction, 28 U.S.C. § 1332.  (Notice of Removal).[1]  Plaintiffs, James

Lowry and Charles Johnson, are domiciled in Louisiana, whereas, plaintiffs, Jimmy Smith,

Donald Smith, and Leslie Smith, are Mississippi domiciliaries.  *Id.*, § II(B)(1).[2]  ConocoPhillips

and Total are both Delaware corporations, with their principal places of business in Texas.  *Id.*,

§§ 2(C)(1) & (2).  The remaining six defendant-corporations (Bethlan, Capital Gas, J.B.X.,

NEPCO, Big Creek, and Cisco) all were incorporated in Louisiana.  *Id.*, §§ II(C)(3).  To

overcome the patent lack of diversity between the six Louisiana corporations and the two

Louisiana plaintiffs, ConocoPhillips argued in its notice of removal that plaintiffs have no

reasonable possibility of recovery against the non-diverse, forum-domiciled defendants, and

therefore, they were improperly joined in an attempt to defeat federal subject matter and removal

jurisdiction.  *See* Notice of Removal.

---

[1]  Co-defendant, Total, contemporaneously consented to the removal.  (Notice of Removal, Exh. B).

[2]  Insofar as plaintiffs also endeavored to bring suit in the name of the State of Louisiana and/or the Commissioner of Conservation, they lack statutory authority to do so, and the State and the Commissioner are not proper parties to this litigation.  *See Watson v. Arkoma Dev., LLC*, No. 17-1331, 2018 WL 1311208, at *2 (W.D. La. Feb. 5, 2018), R&R adopted, 2018 WL 1311177 (W.D. La. Mar. 13, 2018).  Thus, the claims brought on behalf of the State and the Commissioner are improperly joined, and subject to dismissal.  *See Miller v. Home Depot, U.S.A., Inc.*, 199 F. Supp.2d 502, 508 (W.D. La. 2001) (citing several sources) ("improper joinder" doctrine may be applied to the alleged improper joinder of a plaintiff); *Kitchens v. Ford Motor Co.*, No. 13-2446, 2014 WL 130337, at *2 (W.D. La. Jan. 14, 2014) (non-viable representative capacity claim subject to dismissal).

Plaintiffs disagree with ConocoPhillips' assessment of their claims against the Louisiana corporations, and on July 27, 2018, filed the instant motion to remand the case to state court on the following grounds:  1) removal was procedurally defective because it did not include the consent of a properly joined and served defendant (Bethlan); 2) the notice of removal was procedurally defective because it did not properly allege citizenship for six of the eight defendants (the Louisiana corporations); and 3) the court lacked subject matter jurisdiction because the parties were not completely diverse.

On August 20, 2018, ConocoPhillips filed its opposition to the motion to remand in which it maintained that the non-diverse, in-state defendants were improperly joined, and therefore, their presence must be disregarded for purposes of diversity and removal jurisdiction. [doc. # 11].  Plaintiffs filed a reply brief in support of remand on August 28, 2018.  [doc. # 14]. Removing defendant filed a sur-reply on September 6, 2018.  [doc. # 17].  The matter is ripe.

## Discussion

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction.  *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)).  The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal.  *Id*.  Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).  The removal statutes are strictly construed in favor of remand.  *Manguno, supra*.

I.       **Unanimity**

It has long been the rule in the Fifth Circuit, that all properly joined and served

defendants must join in the notice of removal or otherwise consent to removal within the 30 day

period set forth in 28 U.S.C. § 1446(b).  *Jones v. Scogin*, 929 F. Supp. 987, 988 (W.D. La. 1996)

(citing *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1263 (5th Cir.

1988)).  Failure to do so, renders the removal defective.  *Getty Oil*, 841 F.2d at 1263.  While each

defendant need not sign the notice of removal, there must be "some timely filed written

indication from each served defendant, or from some person or entity purporting to formally act

on its behalf in this respect and to have the authority to do so, that it has actually consented to

such action." *Gillis v. Louisiana,* 294 F.3d 755, 759 (5th Cir. 2002) (quoting, *Getty, supra*).

The Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), codified

the foregoing principles, as follows, "[w]hen a civil action is removed solely under section

1441(a), all defendants who have been properly joined and served must join in or consent to the

removal of the action."  28 U.S.C. § 1446(b)(2)(A).  Here, ConocoPhillips plainly effected

removal solely under § 1441(a).  (Notice of Removal, § I(A)).  Therefore, all properly served and

joined defendants were required to timely consent to removal herein.

Plaintiffs contend that remand is required because defendant, Bethlan, was served on May

15, 2018, but failed to join in or timely consent to removal.  However, a removing party need not

obtain the consent of a co-defendant that the removing party contends is improperly joined.  *Rico*

*v. Flores*, 481 F.3d 234, 239 (5th Cir.2007) (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812,

815 (5th Cir.1993)).  Moreover, the removing defendant need not even explain the absence of

consent in its notice of removal when it contends that the other defendant(s) is improperly joined.

*Jernigan, supra*.

Here, of course, ConocoPhillips maintains that the six Louisiana corporate defendants (Bethlan included) were improperly joined such that their presence may be disregarded – not only for purposes of diversity jurisdiction, but also for purposes of complying with the procedural requirements of removal, including unanimity. Therefore, plaintiffs' argument(s) directed towards the alleged defect in the removal process, in effect, is subsumed within the court's improper joinder analysis below.

## II.      Subject Matter Jurisdiction

ConocoPhillips invoked this court's subject matter jurisdiction via diversity, which requires an amount in controversy greater than $75,000, and complete diversity of citizenship between plaintiffs and defendants, 28 U.S.C. § 1332(a). In their motion to remand, plaintiffs stipulated that the amount in controversy exceeded $75,000. More importantly, however, the court finds that it is facially apparent that the claimed damages exceeded $75,000 at the time of removal. *See* Notice of Removal, § II(A). Therefore, the sole jurisdictional issue is whether the parties are completely diverse.

The diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). Removing defendant contends that the court need not consider the citizenship for the six Louisiana defendants, Bethlan, Capital Gas, J.B.X., NEPCO, Big Creek, and Cisco, because they were not properly served and/or joined as defendants. The court emphasizes, however, that the fact that a defendant was not served does not mean that its citizenship may be ignored. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir.1998). Rather, "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the

parties named and not from the fact of service." *Id*. (citations omitted).  Thus, the sole inquiry, at least for purposes of subject matter jurisdiction, is whether the non-diverse defendants were properly joined.

To disregard the citizenship of the six non-diverse defendants, ConocoPhillips must establish that they were but nominal defendants/improperly joined.  "The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir.2005).  Moreover, the burden of persuasion on a party claiming improper joinder is a "heavy one." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007) (citation omitted).  The focus of the improper joinder inquiry must be "on the joinder, not the merits of the plaintiff's case." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc).

There are two ways to establish improper joinder:  "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood, supra* (citing *Travis v. Irby*, 326 F.3d 644, 646-647 (5th Cir.2003)).  In the case *sub judice*, there are no allegations of actual fraud.  Accordingly, the court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*.[3]  Thus, "[a] 'mere theoretical possibility of recovery under

---

[3]  In so settling on the phrasing of the proof required of removing defendants to establish improper joinder, the Fifth Circuit, sitting en banc, expressly rejected all other formulations, whether they appeared to describe the same standard or not. *Id*.  Indeed, the Fifth Circuit's *Smallwood* opinion is *the* authoritative source of this circuit's improper-joinder analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir.2016) ("*IEVM*") (citation omitted).  Accordingly, the court cannot give effect to Lowry's argument premised upon decisions by other Fifth Circuit panels that purport to construe the improper

local law' will not preclude a finding of improper joinder." *Id.* (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4. (5th Cir.2000)).

The court may resolve this issue in one of two ways:  1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the non-diverse defendant under state law (Fed.R.Civ.P. 12(b)(6) analysis);[4] or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, *supra*.  However, the "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.*[5]  In the process, the court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis*, *supra*.  Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id.*  If the removing defendant fails to establish improper joinder, then diversity is not complete and remand is required. *Id.*  The existence of even a single valid cause of action against a non-diverse defendant requires remand of the entire case to state court. *Allen v. Walmart Stores, L.L.C.*, ____ F.3d ____, 2018 WL 4998231, at *7 (5th Cir. Oct. 16, 2018) (citation omitted).

Here, removing defendant argues *both* that the complaint fails to state a claim for relief against the six non-diverse defendants, *and* that, after piercing the pleadings and conducting a

---

joinder test to require proof that plaintiff is unable to establish a *cause of action* against the non-diverse defendant. *See e.g., McDonal, supra*.

[4]  To survive a 12(b)(6) motion to dismiss, the "[f]actual allegations [in the plaintiff's petition] must be enough to raise a right to relief above the speculative level," which means that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

[5] In other words, facts that can be easily disproved if not true. *Id.*

summary inquiry, plaintiffs have no reasonable basis of recovery against the in-state defendants

because they are defunct entities with no assets.  It is clear, however, that a court may choose

either of the two analyses for improper joinder, but it must use one and only one of them, not

neither or both.  *IEVM*, 818 F.3d at 207-208.  In this case, the court will conduct the improper

joinder analysis by piercing the pleadings.

ConocoPhillips maintains that the non-diverse defendants are defunct corporations, which

precludes any reasonable possibility that plaintiffs will be able to recover against them.  The legal

status of a corporation is governed by state law.  *Vill. of Montpelier v. Riche, Chenevert &*

*Andress Const. Co., Inc.*, 43 B.R. 736, 738 (M.D. La.1984) (citing *inter alia*, *Gould v. Brick*, 358

F.2d 437 (5th Cir.1966).  The courts are split on whether a plaintiff has a reasonable possibility

of recover against an inactive corporation.  For example, in *Beall v. Conoco Phillips Co.*, the

court found that an inactive corporation was not improperly joined where removing defendant

offered no evidence that the corporation had been dissolved, and where there were questions

surrounding how the business came to an end.  *Beall v. Conoco Phillips Co.*, No. 08-0289, 2008

WL 2433579, at *3 (M.D. La. June 16, 2008).  The court further noted that revocation of a

corporation's articles of incorporation did not affect any cause of action against the corporation.

*Id*. (citing La. R.S. 12:163(G)).

Conversely, in *Weinstein v. Conoco Phillips*, the court held that plaintiff had no

reasonable possibility of recovery against a corporation that had had its charter revoked for

failure to file required annual reports.  *Weinstein v. Conoco Phillips*, No. 13-919, 2014 WL

868918, at *1 (W.D. La. Mar. 5, 2014).  In *Weinstein*, ConocoPhillips adduced evidence that the

corporation had ceased operations some 24 years earlier, that it owned no property, had no office,

no business records, assets, or employees, and its principals were deceased.  *Id*.  The court was

satisfied that the corporation had no existence of any kind, and that its joinder constituted no

more than a "mere theoretical possibility," which did not preclude a finding of improper joinder.

*Id.*[6]

    This court recently had occasion to consider whether a plaintiff enjoys a reasonable

possibility of recovery against defunct corporations.  In *Locust Ridge Plantation, L.L.C. v. Adco*

*Producing Co., Inc.*, the undersigned found that removing defendants had not established that

defunct Louisiana corporations were improperly joined where there was no evidence regarding

assets, property, employees, an office, or the like, and where less than three years had elapsed

since the date that one of the corporations had *voluntarily* dissolved.  *Locust Ridge Plantation,*

*L.L.C. v. Adco Producing Co., Inc.*, No. 17-0746, 2017 WL 6045967 (W.D. La. Oct. 11, 2017),

R&R adopted, 2017 WL 6045454 (W.D. La. Dec. 5, 2017).  In *Gibson v. BP America*

*Production, Co.*, the undersigned again found that removing defendant had not met its burden to

establish improper joinder where it did not adduce evidence to establish that the non-diverse

corporations owned no property, had no assets, no employees, and the like.  *Gibson v. BP Am.*

*Prod. Co.*, No. 17-1439, 2018 WL 914054, at *3 (W.D. La. Jan. 30, 2018), R&R adopted 2018

WL 912277 (W.D. La. Feb. 15, 2018).

    In the case *sub judice*, however, ConocoPhillips has adduced evidence to establish that

plaintiffs possess no more than a theoretical possibility of recovery against the six non-diverse

defendants.  The circumstances of each corporation's defunct status is recited below.

---

[6] Relying on *Weinstein*, Magistrate Judge Kay reached the same result in *Morgan Plantation, Inc. v. Tennessee Gas Pipeline Co., LLC*, No. 16-1620, 2017 WL 1180995, at *2 (W.D. La. Feb. 8, 2017), R&R adopted, 2017 WL 1181512 (W.D. La. Mar. 28, 2017); *see also Ashley v. Devon Energy Corp.*, No. 14-512, 2015 WL 803136 (M.D. La. Feb. 25, 2015) (relying on *Weinstein* to find that there was no reasonable possibility of recovery against a defunct corporation).

a)      Bethlan

Bethlan was incorporated in Louisiana in 1979, filed its last report with the Louisiana

Secretary of State in 1984, and had its corporate status revoked in 1990 for failure to file an

annual report for three consecutive years.  (Secy. of State Docs; Notice of Removal, Exh. C).

Moreover, removing defendant researched and endeavored to contact a representative for

Bethlan, but was unable to locate a business address, assets, employees, officers, directors, or any

evidence of any business activity by the entity since its corporate status was revoked.   (Affidavit

of Christina Spinelli; Def. Opp. Memo., Exh. A).

Furthermore, several wells once operated by Bethlan, but which are not associated with

this lawsuit, were entered into the Louisiana Oilfield Site Restoration ("OSR") Program in 1995.

(La. Regstr., Vol. 21, No.1; Notice of Removal, Exh. D).[7]

b)      Capital Gas

Capital was incorporated in Louisiana in 1969, filed its last report with the Secretary of

State in 1992, and had its corporate status revoked in 1999 for failure to file an annual report for

three consecutive years.  (Secy. of State Docs; Notice of Removal, Exh. E).  The designated

agent for service of process, Lovell Hayden, III, subsequently resigned his position in a letter to

the Louisiana Secretary of State in 2010.  *Id*.  Moreover, removing defendant researched and

endeavored to contact a representative for Capital Gas, but was unable to locate a business

address, assets, employees, officers, directors, or any evidence of any business activity by the

entity since its corporate status was revoked.  (Affidavit of Christina Spinelli; Def. Opp. Memo.,

---

[7] Pursuant to the OSR, the assistant secretary for the Office of Conservation may declare an oilfield site to be orphaned only upon a finding that "[n]o responsible party can be located, or such party has failed or is financially unable to undertake actions ordered by the assistant secretary . . ." La. R.S. § 30:91(A)(1).

Exh. A).  In addition, wells once operated by Capital were declared orphaned in 2000.  (La.

Regstr., Vol. 26, No. 9; Notice of Removal, Exh. F).

c)      J.B.X.

J.B.X. was incorporated in Louisiana in 1982, but never filed an annual report and had its

corporate status revoked in 1990 for failure to file an annual report for three consecutive years.

(Secy. of State Docs; Notice of Removal, Exh. G).  Moreover, removing defendant researched

and endeavored to contact a representative for J.B.X., but was unable to locate a business

address, assets, employees, officers, directors, or any evidence of any business activity by the

entity since its corporate status was revoked.  (Affidavit of Christina Spinelli; Def. Opp. Memo.,

Exh. A).

d)      NEPCO

NEPCO  was incorporated in Louisiana in 1981, filed its last report with the Secretary of

State in 1989, and had its corporate status revoked in 1993 for failure to file an annual report for

three consecutive years.  (Secy. of State Docs; Notice of Removal, Exh. H).  Moreover, removing

defendant researched and endeavored to contact a representative for NEPCO, but was unable to

locate a business address, assets, employees, officers, directors, or any evidence of any business

activity by the entity since its corporate status was revoked.  (Affidavit of Christina Spinelli; Def.

Opp. Memo., Exh. A).

e)      Big Creek

Big Creek was incorporated in Louisiana in 1982, but never filed an annual report and

had its corporate status revoked in 1990 for failure to file an annual report for three consecutive

years.  (Secy. of State Docs; Notice of Removal, Exh. I).  Moreover, removing defendant

researched and endeavored to contact a representative for Big Creek, but was unable to locate a

business address, assets, employees, officers, directors, or any evidence of any business activity by the entity since its corporate status was revoked. (Affidavit of Christina Spinelli; Def. Opp. Memo., Exh. A). In addition, wells once operated by Big Creek were declared orphaned in 1994. (La. Regstr., Vol. 20, No. 1; Notice of Removal, Exh. J).

f)      Cisco

Cisco was incorporated in Louisiana in 1985, filed its last report with the Secretary of State in 2011, and had its corporate status revoked on May 16, 2014, for failure to file an annual report for three consecutive years. (Secy. of State Docs; Notice of Removal, Exh. K). Moreover, removing defendant researched and endeavored to contact a representative for Cisco, but, with the notable exception of Derek Segars, was unable to locate a business address, assets, employees, officers, directors, or any evidence of any business activity by the entity since its corporate status was revoked. (Affidavit of Christina Spinelli; Def. Opp. Memo., Exh. A). Derek Segars, a former officer at Cisco, averred that the former owners of Cisco were deceased, and that Cisco: had no office, employees, or assets; maintained no bank accounts or business records; owned no property; and conducted no business. (Segars Affidavit; Def. Opp. Memo., Exh. B).

Upon consideration, the court finds that ConocoPhillips has adduced undisputed evidence to establish that each of the non-diverse, forum-domiciled corporations in this case do not have an office or presence of any kind, no assets, employees, officers,[8] or directors, or evidence of business activity since the date that their corporate status was revoked. Defendant's evidence aligns this case with the decisions reached in *Weinstein*, *Morgan Plantation*, and *Ashley*.

_____

[8] With the exception of Cisco's Derek Segars.

12

Furthermore, with the exception of Cisco, which had its corporate status revoked in 2014, all of the other Louisiana corporations had their articles of incorporation revoked more than 16 years before this suit was filed. Under the law as it existed at that time,[9] a corporation could apply for reinstatement of its articles of incorporation within three years from the effective date of the revocation. *See* former La. R.S. 163(E)(1)(c).

Although revocation of a corporation's articles of incorporation does not affect any cause of action against the corporation,[10] in the absence of the corporation's reinstatement, any action brought against the corporation must be brought against a liquidator appointed in accordance with Louisiana Revised Statute 12:1-1445. *See* La. R.S. §§ 12:1-1443(E) and former 12:143(G). Given the evidence demonstrating the absence of directors and assets for any of the Louisiana corporations, plus the expiration of time for reinstatement of the corporations,[11] any claims against the defunct corporations were required to be brought against a liquidator(s).[12]  Plaintiffs

---

[9]  In 2015, the Louisiana legislature repealed the Business Corporation Law, Louisiana Revised Statute §§ 12:1 et seq., and replaced it with the Business Corporation Act, Louisiana Revised Statute §§ 12:1-101 et seq., modeled after the Model Business Corporation Act. The repeal and replace was made effective January 1, 2015. Accordingly, the Business Corporation Law applies where, as here, the Secretary of State revoked a corporation's articles of incorporation prior to the effective date of the Business Corporation Act. *See In re Krebs Lasalle Lemieux Consultants, Inc.*, 215 So. 3d 939, 941 (La. App. 5th Cir. 2017).

[10]  *See* La. R. S. § 12:163(G) and La. R.S. § 12:1-1443(C).

[11]  In June 2017, the legislature revised § 12:1444 to extend the period for reinstatement from three years to five years. *See* 2017 La. Sess. Law Serv. Act 57 (H.B. 310). By that time, however, the three year reinstatement period that was in effect at the time that Cisco's articles of incorporation were revoked had lapsed. There is no indication that the legislature intended the amendment to be applied retroactively to reopen previously expired reinstatement periods.

[12]  This situation is distinct from a corporation that has been voluntarily dissolved by its own board and/or shareholders. *Contrast Locust Ridge Plantation*. A voluntarily dissolved, but unterminated corporation remains a proper party defendant. *See* La. R.S. § 12:1-1405(E).

13

did not seek appointment of a liquidator(s) prior to filing suit.  Regardless, the *involuntarily*

terminated and un-reinstated corporations are not proper parties to this suit.

The court finds that removing defendant has established that plaintiffs have no reasonable

possibility of recovery against the non-diverse, in-state defendants, and consequently, they

remain but nominal parties whose presence must be disregarded for purposes of subject matter

and removal jurisdiction.[13]  Having determined that plaintiffs improperly joined the Louisiana

corporations, Bethlan, Capital Gas, J.B.X., NEPCO, Big Creek, and Cisco, the court necessarily

lacks subject matter jurisdiction to entertain the suit against them, thereby requiring their

dismissal, without prejudice.  *IEVM, supra* ("the dismissal of a nondiverse party over whom the

court does not have jurisdiction must be a dismissal without prejudice in every instance.").[14]

The remaining parties are completely diverse, with no forum-domiciled defendant, and

with both properly served and joined defendants' having timely joined in, or consented to

removal.  Accordingly, the court may exercise subject matter and removal jurisdiction.  28

U.S.C. §§ 1332 and 1441.

## Conclusion

For the above-assigned reasons,

---

[13]  Plaintiffs argue that if they were to succeed in obtaining a judgment against a defunct or terminated corporation, then they could look to any insurers of the corporation for payment. However, where, as here, plaintiffs are unable to serve the insureds, or if the insureds are insolvent, then plaintiffs may proceed against the insurers directly.  *See* La. R.S. § 22:1269.  If, and when plaintiffs obtain the identities of any companies that insured the defunct entities, then they may seek to amend their complaint to join them as defendants.  Of course, if permitted, the joinder likely would destroy federal diversity jurisdiction and compel remand.  *See* 28 U.S.C. § 1332(c)(1)(A).

[14]  Of course, "[a]s the claim or claims against the nondiverse defendant[s] must be dismissed without prejudice, the plaintiff[s] [are] not barred by *res judicata* from refiling those claims in state court if [they] so desire[]."  *IEVM*, 818 F.3d at 202 n.25.

IT IS RECOMMENDED that plaintiffs' motion to remand [doc. # 9] be DENIED.

IT IS FURTHER RECOMMENDED that plaintiffs' claims against Bethlan Production Corporation; Capital Gas, Inc.; J.B.X. Royalties, Inc.; NEPCO, Inc.; Big Creek Operating, Inc.; and Cisco Petroleum, Inc., be DISMISSED, without prejudice.

IT IS FURTHER RECOMMENDED that plaintiffs' claims brought as relators on behalf of the State of Louisiana and the Commissioner of Conservation be DISMISSED, without prejudice, in their entirety.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 26th day of October 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE